NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

KEVIN NORRIS MITCHELL, *Petitioner*.

No. 1 CA-CR 16-0514 PRPC
FILED 9-12-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2010-142884-001
The Honorable Arthur T. Anderson, Judge

**REVIEW DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Kevin Norris Mitchell, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief
Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

**B E E N E**, Judge:

**¶1**          Petitioner Kevin Norris Mitchell ("Mitchell") petitions this court for review from the dismissal of his petition for post-conviction relief. We have considered the petition for review and, for the reasons stated below, deny review.

**¶2**          The procedural history of this case is set forth in *State v. Mitchell*, 1 CA-CR 11-0202, 2012 WL 2793384 (Ariz. Ct. App. Feb. 6, 2013) (mem. decision) and *State v. Mitchell*, 2 CA-CR 2016-0140-PR, 2016 WL 3162958 (Ariz. Ct. App. Jun. 6, 2016) (mem. decision), and need not be repeated here.

**¶3**          After the 2016 decision, but before the mandate was issued and filed, Mitchell filed a motion to amend/motion for reconsideration of his *original* petition for post-conviction relief with the superior court that was dismissed in his original 2012 petition. The superior court denied his motion. Mitchell then filed this petition requesting review "from the denial of his amended petition for post-conviction relief."

**¶4**          The superior court did not abuse its discretion in denying the motion to amend, or denying the motion for reconsideration that was filed almost three years after the original petition. *See* Ariz. R. Crim. P. 32.6(d) ("[N]o amendments shall be permitted except by leave of court upon a showing of good cause."). His motion was also untimely under Arizona Rule of Criminal Procedure 32.9(a) (permitting 15 days to move for a rehearing).

**¶5**          Based upon the foregoing reasons, we deny review.

